# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 15-CR-0126-CVE |
| | ) | (19-CV-0226-CVE-JFJ) |
| JACK JIM CLARK, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant Jack Jim Clark's motion to reconsider (Dkt. # 90), motion to determine the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91), motion for leave to conduct discovery (Dkt. # 92), and motion to unseal and for other relief (Dkt. # 100).

### I.

On May 1, 2019, defendant, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 79). Defendant raises four grounds for relief in his § 2255 motion. First, defendant argues that his former defense attorney, Martin G. Hart, was ineffective in violation of the Sixth Amendment by (1) failing to know the law; (2) failing to investigate the district court's jurisdiction and judicial power; (3) failing to move to dismiss for lack of an Article III live case or controversy; and (4) failing to determine and argue that the district court lacked subject matter jurisdiction. Id. at 4. Second, defendant argues that plaintiff was not represented by a properly appointed officer of the United States, rendering the indictment unconstitutional. Id. at 5. Third, defendant argues that 28 U.S.C. § 116(a) is in violation of the

Treaties of 1832, 1833, 1856, and 1866, and that 28 U.S.C. § 547 and 18 U.S.C. §§ 287 and 1341 do not apply inside the Creek Nation's boundaries. Id. at 6. Finally, defendant argues that Hart provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to obtain and review the first three indictments to determine if the third superseding indictment related back to the first three indictments, and, if not, for failing to move to dismiss counts one through 39 as barred by the statute of limitations. Id. at 8.

The Court issued an order (Dkt. # 83) directing plaintiff to respond to defendant's § 2255 motion. Plaintiff contacted Hart in order to gather evidence to respond to defendant's claims of ineffective assistance of counsel. Dkt. # 85, at 1-2. Hart requested that, before he prepare an affidavit addressing defendant's allegations, plaintiff obtain an order from the Court declaring that defendant has waived his attorney-client privilege by filing a § 2255 motion raising claims of ineffective assistance of counsel. Id. On June 3, 2019, the Court granted plaintiff's motion for an order recognizing that defendant has waived attorney-client privilege with Hart; however, the Court explicitly limited defendant's waiver "to issues raised in his ineffective assistance of counsel claims." Dkt. # 89, at 1 (citing United States v. Pinson, 584 F.3d 972 (10th Cir. 2009)). Defendant now moves for reconsideration of the Court's order. Plaintiff filed a response (Dkt. # 94) in opposition to defendant's motion, and defendant filed a reply (Dkt. # 97).

In addition, defendant moves to determine the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91), and moves for leave to conduct discovery into documents or records that show McLoughlin currently holds a proper appointment as an Assistant United States Attorney (AUSA) (Dkt. # 92). Plaintiff filed a response in opposition to each motion (Dkt. ## 95, 96), and defendant filed a reply (Dkt. # 98). Finally, defendant moves to unseal docket

numbers 1, 470, and 471 in In re United States Attorneys and Clerks, Case No. 09-MC-0005-CVE.

## II.

The Court first addresses defendant's motion to reconsider. "'[A] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.'" United States v. Huff, 782 F.3d 1221, 1224 (10th Cir. 2015) (quoting Servants of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "'Specific situations where circumstances may warrant reconsideration include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Id.

Defendant moves for reconsideration of the Court's order finding an implied waiver of attorney-client privilege, because neither plaintiff nor the Court has identified "a single word" alleged by defendant in his § 2255 claims that brings into question any communication between Hart and defendant. Further, defendant argues that Hart can respond to defendant's allegations of ineffective assistance of counsel without having to make public any privileged communication. Defendant also argues that the language limiting the waiver to "issues raised in [defendant's] ineffective assistance of counsel claims" is too broad. Defendant concedes, however, that he waives attorney-client privilege as to whether Hart informed him of the three earlier indictments, and any advice Hart gave defendant in relation to why he did not move to dismiss counts one through 39.

Defendant fails to establish a sufficient basis for reconsideration. Defendant does not argue that there was an intervening change in the controlling law, or that there is new evidence that was previously unavailable. Further, defendant does not demonstrate that the Court's order constituted "clear error" of law or fact, or that reconsideration is necessary to "prevent manifest injustice." The established law in the Tenth Circuit is that there is an "implied waiver of attorney-client privilege

3

that arises when a prisoner claims ineffective assistance of counsel." Pinson, 584 F.3d at 978. Here, defendant raises two claims of ineffective assistance of counsel in his § 2255 motion. Thus, consistent with Tenth Circuit precedent, the Court held that defendant has implicitly waived attorney-client privilege with respect to those two claims. Nonetheless, defendant argues that there is no implicit waiver of attorney-client privilege because neither plaintiff nor the Court has "identified a single aspect of grounds one and four [that] implicates a communication between Hart and Defendant." Dkt. # 90, at 3. Defendant fails to realize, however, that raising a claim of ineffective assistance of counsel, in and of itself, "puts communications between himself and his attorney directly in issue." Pinson, 584 F.3d at 977. As the Supreme Court explained in Strickland v. Washington, 466 U.S. 668, 691 (1984), "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Therefore, "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's" advice, investigation decisions, and litigation decisions. Id.

Further, with respect to the scope of the waiver, all parties agree that defendant's waiver of attorney-client privilege is limited "to issues raised in his ineffective assistance of counsel claims" (i.e., ground one and four of the § 2255 motion). Although defendant disagrees with the scope of the waiver, defendant fails to show that the Court's limitation constitutes a clear error of law or fact. Accordingly, the Court finds that defendant has failed to establish a sufficient basis for reconsideration, and defendant's motion for reconsideration should be denied.

## III.

The Court turns to defendant's motion to determine the constitutional validity of McLoughlin's appointment to office (Dkt. # 91), defendant's motion for leave to conduct discovery

(Dkt. # 92), and defendant's motion to unseal documents (Dkt. # 100).

Defendant argues that AUSA McLoughlin's appointment under 28 U.S.C. § 542(a), which does not require appointment by presidential nomination with advice and consent of the Senate, violates the Appointments Clause. The Appointments Clause of the U.S. Constitution requires "principal officers" to be nominated and appointed by the President, with advice and consent of the Senate. U.S. CONST. art. II, § 2, cl. 2. However, Congress may vest the appointment of "inferior officers" in the "President alone, in the Courts of Law, or in the Heads of Departments." Id. Congress has vested the appointment of AUSAs in the U.S. attorney general, as the head of the Department of Justice. 28 U.S.C. § 542(a).

As an initial matter, certain arguments raised in defendant's motions directly contradict one another. Compare Dkt. # 91, at 8 ("The office of AUSA is a Principal office") with Dkt. # 92, at 6 ("The office of AUSA is an inferior office of the United States."). To the extent defendant argues that McLoughlin is a "principal officer," however, such an argument clearly fails. The Supreme Court has defined an "inferior officer" as one "whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate." Edmond v. United States, 520 U.S. 651, 663 (1997). AUSAs discharge their duties under the supervision and direction of the attorney general. 28 U.S.C. §§ 515, 519. Moreover, the attorney general is a principal officer, who is appointed by presidential nomination with the advice and consent of the Senate. Id. § 503. Thus, AUSA McLoughlin is clearly an "inferior officer." Nonetheless, defendant argues that McLoughlin is serving a "life-time appointment," making him a "principal officer" whose appointment under § 542(a) is unconstitutional. Section 542(b) provides that "[e]ach assistant United States attorney is subject to removal by the Attorney General."

5

Defendant interprets this as providing AUSAs with life tenure. In Shurtleff v. United States, 189 U.S. 311 (1903), the Supreme Court analyzed a statute creating the office of general appraisers. The statute provides that appraisers "may be removed from office at any time by the President for inefficiency, neglect of duty, or malfeasance in office . . . ." Id. at 313. The statute contains no other language regarding the term of office of an appraiser. The appellant argued that the president cannot remove an appraiser for any reason other than those listed in the statute. The Court rejected the appellant's argument, finding that to construe the statute in such a manner "is to give an appraiser of merchandise the right to hold that office during his life, or until he shall be found guilty of some act specified in the statute." Id. at 316. Accordingly, although the statute did not specify a term of years, the appraisers did not have life-time appointments because they could be removed from office for any reason or no reason. Similarly, here, § 542 does not specify a term of years; nonetheless, the attorney general and the president have the power to remove an AUSA from office for any reason or no reason. Thus, AUSA McLoughlin does not have a life-time appointment. As such, defendant's argument that McLoughlin's life-time appointment renders him a "principal officer" is moot. Accordingly, the Court finds that McLouglin was not required to be appointed pursuant to presidential nomination with the advice and consent of the Senate, and that McLoughlin's appointment pursuant to § 542(a) was not in violation of the Appointments Clause.

Next, defendant argues that an AUSA's term of office is limited to the term of office of the attorney general. Defendant argues that McLoughlin's tenure has survived numerous attorneys general; therefore, defendant asserts that McLoughlin's current appointment as an AUSA is not valid unless he was reappointed by each attorney general to enter office since McLoughlin's initial appointment in 1992. For that reason, defendant seeks to conduct discovery of documents or records

establishing that McLoughlin was reappointed as an AUSA between January 20, 2015 and the present, Dkt. # 92, and seeks to unseal documents filed in In re United States Attorneys and Clerks, Case No. 07-MC-0005-CVE.

No authority supports defendant's proposition that an officer's appointment is commensurate with the tenure of the appointing body. In raising this assertion, defendant cites to Shurtleff and De Castro v. Board of Commissioners of San Juan, 322 U.S. 451 (1944). However, these cases do not support defendant's view. Rather, Shurtleff and De Castro focus on circumscribing limitations on the power of removal, and do not provide for automatic termination of an officer upon the departure of his or her appointing officer. See Kalaris v. Donovan, 797 F.2d 376, 396-97 (D.C. Cir. 1983) (interpreting these cases to "conclusively demonstrate that, in the absence of a congressional statement to the contrary, inferior officers . . . serve indefinite terms at the discretion of their appointing officers."). Accordingly, McLoughlin's appointment did not terminate upon the departure of his appointing attorney general. Rather, McLoughlin is serving an indefinite (though not life-time) appointment as an AUSA, subject to the attorney general's discretion.

Defendant notes that, in response to a Freedom of Information Act request, he received an oath signed by McLoughlin on January 22, 1992, which indicates that McLoughlin had a date of appointment of January 22, 1992. Because McLoughlin's appointment has never been terminated, McLoughlin's appointment as AUSA has remained valid from January 22, 1992 to the present. Thus, the Court finds that McLoughlin's appointment to office is constitutionally valid, and that he is a proper representative of the United States. As a result, the Court also finds defendant's motion to conduct discovery, and his motion to unseal documents, are moot.

Finally, the Court finds that the resolution of defendant's motion to determine the

constitutionally validity of McLoughlin's appointment to office also resolves the second ground asserted in defendant's § 2255 motion (i.e., that plaintiff was not represented by a properly appointed officer of the United States, rending the indictment constitutional). Thus, having denied defendant's motion, the Court find that finds that the second ground asserted in defendant's § 2255 motion is denied.

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider (Dkt. # 90) is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to determine the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91) is **denied**.

**IT IS FURTHER ORDERED** that the second ground asserted in defendant's 28 U.S.C. § 2255 motion (Dkt. # 79) is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to conduct discovery (Dkt. # 92) is **dismissed as moot**.

**IT IS FURTHER ORDERED** that defendant's motion to unseal and for other relief (Dkt. # 100) is **dismissed as moot**.

**DATED** this 22nd day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE