# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CR-0126-CVE |
| | ) | (19-CV-0226-CVE-JFJ) |
| JACK JIM CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant Jack Jim Clark's motion to correct docket (Dkt. # 103), motions to reconsider (Dkt. ## 104, 105, 106), and motion for order finding confession of docket numbers 104, 105, and 106 (Dkt. # 108). Defendant asks the Court to reconsider its holding that Assistant United States Attorney (AUSA) Charles M. McLoughlin's appointment was constitutional at the time of defendant's conviction. Accordingly, defendant asks the Court to reconsider its denial of ground two of his 28 U.S.C. § 2255 petition (Dkt. # 79, ground two). Defendant also asks the Court to reconsider its dismissal as moot of his motion for leave to conduct discovery (Dkt. # 92) and motion to unseal and for other relief (Dkt. # 100). Because plaintiff never replied to these motions, defendant asks the Court to find that plaintiff has confessed them.

## I.

On May 1, 2019, defendant, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 79). Defendant raises four grounds for relief in his § 2255 motion. In ground one, defendant argues that his former defense attorney, Martin G. Hart, provided ineffective assistance of counsel in violation of the Sixth Amendment by (1) failing to know the law; (2) failing to investigate the district court's jurisdiction and judicial

power; (3) failing to move to dismiss for lack of an Article III live case or controversy; and (4) failing to determine and argue that the district court lacked subject matter jurisdiction. Id. at 4. In ground two, defendant argues that plaintiff was not represented by a properly appointed officer of the United States, rendering the indictment unconstitutional. Id. at 5. In ground three, defendant argues that 28 U.S.C. § 116(a) is in violation of the Treaties of 1832, 1833, 1856, and 1866, and that 28 U.S.C. § 547 and 18 U.S.C. §§ 287 and 1341 do not apply inside the Creek Nation's boundaries. Id. at 6. In ground four, defendant argues that Hart provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to obtain and review the first three indictments to determine if the third superseding indictment related back to the first three indictments, and, if not, for failing to move to dismiss counts one through thirty-nine as barred by the statute of limitations. Id. at 8.

After filing his § 2255 motion, defendant also filed a separate motion to determine the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91), which was duplicative of his ground two for relief in his § 2255 motion. Plaintiff filed a response (Dkt. # 95) and defendant filed a reply (Dkt. # 99). The Court issued an opinion and order (Dkt. # 101) denying defendant's motion to determine the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91), and denying ground two of defendant's § 2255 motion. As a result, the Court also dismissed as moot defendant's motion for leave to conduct discovery (Dkt. # 92) and motion to unseal and for other relief (Dkt. # 100). Defendant now moves for reconsideration of the Court's opinion and order (Dkt. # 101). Dkt. ## 104, 105, 106. Because plaintiff never responded to defendants motions to reconsider, defendant asks the Court to find that plaintiff has confessed them. Dkt. # 108. Defendant also moves to correct the docket. Dkt. # 103.

## II.

"[A] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." United States v. Huff, 782 F.3d 1221, 1224 (10th Cir. 2015) (citing Servants of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. (internal quotation marks omitted). The Tenth Circuit has held that "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." Id. In addition, a motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." Id. (quoting United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014)).

## III.

As an initial matter, defendant argues that the Court, in its opinion and order (Dkt. # 101) denying his separate motion to declare the constitutional validity of the appointment to office of Charles M. McLoughlin (Dkt. # 91) and his second ground to relief in his § 2255 petition (Dkt. # 79, ground two), omitted a reference to, and thus did not consider, his arguments raised in his reply (Dkt. # 99) to the motion. Defendant's reply to that motion is Dkt. # 99. However, in the Court's opinion and order (Dkt. # 101, at 2, ln. 22), it stated that "[p]laintiff filed a response in opposition to [the] motion (Dkt. #[] 95 []), and defendant filed a reply (Dkt. # 98)." Throughout the opinion and order (Dkt. # 101), the Court thoroughly discussed and consistently and correctly referred to defendant's reply as Dkt. # 99, except for one typographical error on page two. Thus, it is clear from reading the opinion and order (Dkt. # 101) that defendant's arguments in his reply (Dkt. # 99) were considered.

3

Therefore, defendant's motion to correct docket (Dkt. # 103) should be granted, and the citation to Dkt. # 98 on the last line of page two of the opinion and order (Dkt. # 101, at 2, ln. 22) is hereby corrected nunc pro tunc to read "Dkt. # 99."

Turning to defendant's motions to reconsider (Dkt. ## 104, 105, 106), defendant presents three arguments to urge reconsideration of the opinion and order (Dkt. # 101) denying his second ground to relief in his § 2255 petition (Dkt. # 79, ground two). Defendant argues that the Court did not address defendant's argument that McLoughlin never received a presidential commission as he should have. Dkt. # 106, at 8. Defendant also argues that the Court erred in determining that AUSAs (and thus McLoughlin) can be removed for any reason or no reason. Dkt. # 104, at 10; Dkt. # 106, at 10. Defendant finally argues that the Court's finding that AUSAs receive indefinite terms in accordance with their appointment by the attorney general is clearly erroneous. Dkt. # 104, at 17; Dkt. # 106, at 17. Defendant thus sought to conduct discovery of documents or records establishing that McLoughlin was reappointed as an AUSA between January 20, 2015 and the present (Dkt. # 92), and sought to unseal documents filed in In re United States Attorneys and Clerks, Case No. 07-MC-0005-CVE. He now moves (Dkt. # 105) for reconsideration of the Court's finding that his motion for leave to conduct discovery (Dkt. # 92) and motion to unseal and for other relief (Dkt. # 100) are moot. Dkt. # 101, at 7.

In its opinion and order (Dkt. # 101), the Court considered all of defendant's arguments. Defendant merely disagrees with the Court's holding. First, the Court found that AUSAs are appointed by the attorney general, not the president; thus, AUSAs do not need a presidential appointment as defendant argues. Dkt. # 101, at 5-6. Second, the Court found that AUSAs can be removed for any reason or no reason. Dkt. # 101, at 6. Finally, the Court found that AUSAs (and

thus, McLoughlin) serve indefinite appointments subject to the attorney general's discretion and accordingly, the Court mooted defendant's motion for leave to conduct discovery (Dkt. # 92) and motion to unseal and for other relief (Dkt. # 100). Dkt. # 101, at 7.

Defendant does not argue a change in intervening law, nor does he argue that newly discovered evidence is available. Further, defendant's arguments that the Court clearly erred are simply restatements of arguments that the Court has already addressed. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that a motion to reconsider is inappropriate "when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."); see also Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("The court need not, and does not, address the merits of the motion to reconsider because the plaintiffs have failed to demonstrate any basis for . . . relief."). Therefore, the Court finds that the motions to reconsider (Dkt. ## 104, 106) the Court's opinion and order (Dkt. # 101) denying his motion to determine constitutionality of appointment (Dkt. # 91), and ground two of defendant's § 2255 motion (Dkt. # 79, ground two), should be denied; further, his motion to reconsider the Court's finding that his leave to conduct discovery (Dkt. # 92) and motion to unseal and for other relief (Dkt. # 100) are moot should also be denied.

Defendant asks the Court to find that plaintiff confessed defendant's motions to reconsider (Dkt. ## 104, 105, 106) by not filing a response. Dkt. # 108. However, because defendant's arguments lack merit, plaintiff need not have responded. Therefore, defendant's motion (Dkt. # 108) should be denied.

As noted above, motions to reconsider are to be used in extreme circumstances, not when the defendant merely disagrees with the Court's holding. Defendant's remaining grounds in his § 2255 motion (Dkt. # 79) **remain under advisement**.

**IT IS THEREFORE ORDERED** that defendant's motions to reconsider (Dkt. ## 104, 105, 106) and motion for order finding confession of docket numbers 104, 105, and 106 (Dkt. # 108) are **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to correct docket (Dkt. # 103) is **granted**, and the incorrect citation in Dkt. # 101 is **corrected as stated herein**.

**DATED** this 16th day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE