# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 15-CR-0126-CVE |
| | ) | (19-CV-0226-CVE-JFJ) |
| JACK JIM CLARK, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 1, 2019, defendant, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 79). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### I.

On July 9, 2015, a grand jury returned an indictment against defendant charging seven counts of false claims for federal gasoline excise tax refunds in violation of 18 U.S.C. § 287, and the dates of conduct ranged from July 6 to December 27, 2010. Dkt. # 2. On September 10, 2015, a grand jury returned a superseding indictment (Dkt. # 5) charging the same seven counts of false claims for federal gasoline excise tax refunds (counts one through seven), and an additional six counts of mail fraud for using the United States Postal Service (USPS) to mail Form 8849s in order to receive federal excise tax refunds in violation of 18 U.S.C. § 1341 (counts eight through thirteen). On January 14, 2016, a grand jury returned a second superseding indictment against defendant (Dkt. #

9) charging twenty counts of false claims for federal gasoline excise tax refunds (counts one through 20) and nineteen counts of mail fraud for using the USPS to mail Form 8849s in order to receive federal excise tax refunds (counts twenty-one through thirty-nine). On February 7, 2017, a grand jury returned a third superseding indictment against defendant (Dkt. # 12) charging twenty-one counts of false claims for federal gasoline excise tax refunds (counts one through twenty-one), and twenty counts of mail fraud for using the USPS to mail Form 8849s in order to receive federal excise tax refunds (counts twenty-two through forty-one).

In the latest indictment, the grand jury alleged that defendant was the president and owner of Clark Oil Distributors, Inc. (CODI). Dkt. # 12, at 3. CODI was required to pay an 18.3 cents per gallon federal excise tax on all gasoline that it bought from suppliers; however, it received federal excise tax refunds for all gasoline sold to non-taxable entities by filing a Form 8849 with the Internal Revenue Service (IRS). Id. at 3-4. It is alleged that defendant falsified these forms in order to obtain larger refunds. Id. at 4. Defendant allegedly falsely and fraudulently represented quantities of gasoline that CODI purportedly sold to non-taxable entities and the amounts of federal excise tax that CODI purportedly paid when buying that gasoline. Id. It was further alleged that defendant caused the IRS to send federal excise tax refund checks to CODI, in payment of CODI's fraudulent Form 8849s, by means of the USPS. Id.

Defendant made his initial appearance on March 7, 2017. Dkt. # 23. Defendant was found to be indigent, and the Court appointed federal public defender William Widell to represent him. Id. However, Widell filed a motion to withdraw (Dkt. # 29), which was granted, and the Court appointed Martin Hart to represent defendant. Dkt. # 30. On the date set for pretrial/change of plea, defendant petitioned the Court to plead guilty to counts three and twenty-three of the third

superseding indictment, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(A) plea agreement (Dkt. ## 39, 40). He pleaded guilty to count three (false claim for federal gasoline excise tax refund dated September 3, 2010) and count twenty-three (mail fraud for causing plaintiff to use the USPS on September 24, 2010 to mail a refund check based on a false and fraudulent Form 8849). In his plea agreement, defendant admitted that he made false claims for over $10,200,000 in refunds from the IRS by falsifying his FORM 8849s, for which he was required to pay restitution. Dkt. # 39, at 5. There was also a forfeiture agreement. Id. at 7-10. At the change of plea hearing, the Court asked defendant:

> THE COURT: Have you received a copy of the indictment, the first superseding indictment, the second superseding indictment, and the third superseding indictment?
>
> THE DEFENDANT: Yes, ma'am, I have.
>
> THE COURT: Do you understand that those are the written charges against you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you fully discussed those charges and the case in general with Mr. Hart as your counsel?
>
> THE DEFENDANT: Yes.

Dkt. # 84, at 8. Defendant admitted to knowingly, willfully, and intentionally committing the acts constituting the crimes alleged in counts three and twenty-three as follows:

> I, JACK JIM CLARK, admit that on or about September 3, 2010, within the Northern District of Oklahoma, I made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the United States Department of Treasury, a claim for federal gasoline excise tax refunds for the period of July 26, 2010 through August 29, 2010 and in the approximate amount of $601,042.09, which I knew to be materially false, ficti[c]ious and fraudulent.

3

> The claim was false in that I claimed to have sold a large quantity of unleaded gasoline to non-taxable entities, such as municipal and county governments, public school districts and universities, when in fact that was not true and I knew at the time I filed the claim that it was not true. That claim would have resulted in an excise tax refund of $601,042.09, however $592,523.74 of the claim was false. I was only entitled to a refund of $8,519.35 from non-taxable sales. I falsely requested a refund of the federal fuel excise tax which I had paid at the refinery or terminal when I purchased the unleaded gasoline when I knew I had not sold that amount of unleaded gasoline to non-tax entities and was not entitled to the refund claimed.
>
> Once I had prepared this false claim or caused the false claim to be prepared, I instructed my staff to place the claim in the U.S. Mails. The False claim was IRS Form 8849, claim for Refund of Excise Taxes, which was mailed with the U.S. Postal Service from Oklahoma City, Oklahoma to the IRS Excise Tax Division in Covington, Kentucky. This false claim caused the IRS to direct the U.S. Department of Treasury to prepare and mail U.S. Treasury Excise Tax Refund check # 2221-43996328 in the amount of $601,042.09 made payable to Clark Oil Distributers, Incorporated ("CODI") P.O. Box 970, Sapulpa, Oklahoma 74067-0970 through the U.S. Postal Service on or about September 24, 2010. This refund check was addressed and delivered by the U.S. Postal Service to CODI in Sapulpa, Oklahoma within the Northern District of Oklahoma.

Dkt. # 39, at 11-12. The Court accepted defendant's guilty plea. Dkt. # 40, at 7.

At sentencing on May 23, 2018, the Court sentenced defendant to sixty-months imprisonment for each count, to run concurrently, which was below the advisory guideline range and well below the statutory maximum, and a three-year term of supervised release for each count to run concurrently. Dkt. # 58. Judgment was entered on May 24, 2018 (Dkt. # 59), and an amended judgment was entered on July 24, 2018, to correct a clerical mistake. Dkt. # 69. Defendant did not appeal his sentence.

On May 1, 2019, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 79). Defendant raised four grounds for relief in his § 2255 motion. In ground one, defendant argued that his former defense attorney, Hart, provided ineffective assistance of counsel in violation of the Sixth Amendment by (1) failing to know the law; (2) failing to

4

investigate the district court's jurisdiction and judicial power; (3) failing to move to dismiss for lack of an Article III live case or controversy; and (4) failing to determine and argue that the district court lacked subject matter jurisdiction. Id. at 4. In ground two, defendant argued that plaintiff was not represented by a properly appointed officer of the United States, rendering the indictment unconstitutional. Id. at 5.[1] In ground three, defendant argued that 28 U.S.C. § 116(a) is in violation of the Treaties of 1832, 1833, 1856, and 1866, and that 28 U.S.C. § 547 and 18 U.S.C. §§ 287 and 1341 do not apply inside the Creek Nation's boundaries. Id. at 6. In ground four, defendant argued that Hart provided ineffective assistance of counsel, in violation of the Sixth Amendment, by failing to obtain and review the first three indictments to determine if the third superseding indictment related back to the first three indictments, and, if not, for failing to move to dismiss counts one through thirty-nine as barred by the statute of limitations. Id. at 8. Plaintiff responded (Dkt. # 102) to defendant's motion and defendant replied (Dkt. # 107). Hart filed a sworn affidavit, stating:

> it was my opinion the allegations fell within the statute of limitations based upon the filing of the [I]nitial Indictment and the Superseding Indictment. It appeared to me that Defendant Clark was charged within the statutorily authorized time frame. As a result no pre trial motion was filed challenging the statute of limitations as there was no legal basis for the same.
>
> Regarding the additional grounds [of defendant's § 2255 motion] (2, 3, and 4) as noted above concerning the district court's jurisdictional and judicial power[,] lack of Article III live case or controversy, and fa[i]ling to determine the district court's jurisdiction, the arguments were so lacking in merit and lacked a good faith basis it never occurred to me to raise such feeble positions, nor do I recall or believe that Defendant Clark ever raised those issues or asked me to determine, inquire, or investigate as to whether the government attorneys were properly employed as Assistant United States Attorneys, [or] whether the Court had proper jurisdiction as it relates to the issue of Indian Country.

Dkt. # 102-1, at 2-3.

---

[1] On July 22, 2019, the Court filed an opinion and order (Dkt. # 101) denying ground two of defendant's § 2255 motion.

5

## II.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

When a defendant alleges ineffective assistance of defense counsel for failure to raise certain defenses/issues, the court must review the merit of those issues first, and if the omitted issue is meritless, counsel is not ineffective for failing to raise them. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). Defense counsel's omission of "meritless" issues will not constitute ineffective assistance of counsel. Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004) (internal quotation omitted).

### III.

In defendant's § 2255 motion, he claims, inter alia, that counsel was ineffective for failing to know the law, failing to investigate the Court's jurisdiction and judicial power, failing to move to dismiss for lack of an Article III live case or controversy, failing to move to dismiss for lack of subject matter jurisdiction, and failing to obtain the first three indictments and move to dismiss because the statute of limitations had run. Dkt. # 79. Ground one of defendant's § 2255 motion is a catch-all: he claims that Hart was ineffective for failing to "know the law," presumably the substantive issues raised in grounds two through four. The Court will first address these substantive issues and whether failure to raise them constitutes ineffective assistance of counsel, and then it will address ground one of defendant's § 2255 motion.

Ground Two

Defendant claims in ground two of his § 2255 motion that Hart was ineffective for failing to argue that the assistant United States attorney over defendant's case allegedly was not duly appointed, in violation of the Constitution. In an opinion and order (Dkt. # 101), the Court denied ground two of defendant's § 2255 motion because the assistant United States attorney over

7

defendant's case was duly appointed and that, therefore, Hart was not ineffective for failing to raise this issue.

Ground Three

Defendant argues that Hart was ineffective for failing to move to dismiss for lack of an Article III live case or controversy and failing to determine and argue that the district court lacked subject matter jurisdiction. Defendant's argument is based on the Tenth Circuit's recent decision in Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017), cert granted, 138 S. Ct. 2026 (2018). See Dkt. # 80, at 26 ("Recently, the Tenth Circuit held 'The old [1866] reservation boundaries remain intact.' Murphy, 866 F.3d at 1233.") (emphasis removed). In Murphy, the Tenth Circuit found that Congress did not unequivocally disestablish the Muscogee (Creek) Nation (MCN) reservation, and the state courts of Oklahoma did not have jurisdiction to hear a murder charge against a member of the MCN when the crime occurred within the boundaries of the historical MCN reservation. Murphy, 875 F.3d at 966. Instead, the Tenth Circuit held that the defendant should have been tried in federal court because the Major Crimes Act, 18 U.S.C. § 1153, provides that federal courts have exclusive jurisdiction over certain crimes against the person or property of an Indian within Indian country. Id.

Murphy held that the state courts of Oklahoma were deprived of jurisdiction over criminal charges against tribal members arising within the historical boundaries of the MCN reservation, but defendant was not tried in state court. Defendant was prosecuted in federal court for crimes against the United States; therefore, the status of certain land as Indian country is irrelevant. There is no possibility that Murphy has any application in this setting.

8

Defendant argues that the Major Crimes Act violates the Treaty of 1866 with the MCN. Dkt. # 107, at 10. However, defendant was not charged pursuant to the Major Crimes Act; he was charged pursuant to 18 U.S.C. §§ 287, 1341. Further, the Major Crimes Act applies to crimes committed by Indians, and defendant has provided no evidence that he is Indian. See 18 U.S.C. § 1153(a) ("Any Indian who commits against the person or property of another Indian or other person any of the following offenses . . . .").

In response to defendant's arguments, Hart stated that he did not raise the issues because "the arguments were so lacking in merit and lacked a good faith basis it never occurred to me to raise such feeble positions." Dkt. # 102-1, at 3. The Court finds that Hart was not ineffective for failing to raise defendant's meritless claim in ground three of defendant's § 2255 motion. Ground three of defendant's § 2255 motion is denied.

Ground Four

Defendant argues in ground four that Hart was ineffective for failing to raise a subject matter jurisdiction issue related to the statute of limitations. As an initial matter, the statute of limitations is a defense; it does not deprive the Court of subject matter jurisdiction. See United States v. Brody, 705 F.3d 1277, 1284 (10th Cir. 2013) ("[A] claim that a criminal charge is time-barred by a statute of limitations is an affirmative defense: successfully raising this defense does not deprive a district court of subject matter jurisdiction. . . ."). Thus, the Court has subject matter jurisdiction over defendant, and any claim to the contrary should be denied.

Defendant argues that Hart "fail[ed] to obtain and review the first three (3) indictments to determine if the Third Super[s]eding Indictment related back to the first three, and if not, Hart should have moved to dismiss Counts one through [thirty-nine] for being outside the statute of limitations

9

. . . ." Dkt. # 79, at 8. While defendant was under oath at the change of plea hearing, the Court asked defendant:

> THE COURT: Have you received a copy of the indictment, the first superseding indictment, the second superseding indictment, and the third superseding indictment?
>
> THE DEFENDANT: Yes, ma'am, I have.
>
> THE COURT: Do you understand that those are the written charges against you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: <u>Have you fully discussed those charges and the case in general with Mr. Hart as your counsel?</u>
>
> THE DEFENDANT: <u>Yes.</u>

Dkt. # 84, at 8 (emphasis added). Defendant admitted that he had discussed all indictments with Hart. He cannot now claim that Hart did not have or review the first three indictments. Further, it is beyond credibility that defendant pleaded guilty to counts three and twenty-three of an indictment that his attorney did not have or review.

Defendant argues that counts three and twenty-three of the third superseding indictment, to which he pleaded guilty, are outside of the statute of limitations period of the third superseding indictment. Therefore, defendant argues his offenses are time-barred.

The statute of limitations for defendant's alleged offenses is five years. See <u>United States v. Tolliver</u>, 730 F.3d 1216, 1225 (10th Cir. 2013); <u>United States v. Thornburgh</u>, 645 F.3d 1197, 1203 (10th Cir. 2011). "The date of the original indictment tolls the limitations period as to charges alleged." <u>United States v. Davis</u>, 953 F.2d 1482, 1491 (10th Cir. 1992) (citing <u>United States v. Jones</u>, 816 F.2d 1483, 1487 (10th Cir. 1987)). "A superseding indictment filed while the first

indictment is validly pending is not barred by the statute of limitations unless it broadens or substantially amends the charges in the first indictment." Id. "Notice is the touchstone in deciding whether a superseding indictment substantially changes the original charges." Id. (internal quotation omitted). "If the allegations and charges contained in the superseding indictment are 'substantially the same' as those contained in the original indictment, sufficient notice is presumed." Id.

Plaintiff alleges that the criminal conduct for count three of the third superseding indictment occurred on September 3, 2010 (date false excise claim filed). The statute of limitations for 18 U.S.C. § 287 begins to run on the date the false excise claim was filed. Defendant admitted that he filed the false excise claim on September 3, 2010. Dkt. # 39, at 11. Therefore, the statute of limitations for count three began to run on September 3, 2010. Count three of the third superseding indictment is identical to count three of the initial indictment. Cf. Dkt. ## 2, 12. The initial indictment was returned on July 9, 2015, within the five-year statute of limitations period, and it was pending when the third superseding indictment was returned. Therefore, defendant had notice of count three of the indictment and count three of the third superseding indictment, which are identical. Count three of the third superseding indictment relates back to count three of the initial indictment because it is not only "substantially the same," it is the same.

As to count twenty-three, plaintiff alleges that the criminal conduct occurred on September 24, 2010 (mailing of refund check). The statute of limitations for 18 U.S.C. § 1341 begins to run on the date that defendant caused the IRS to mail the refund check. United States v. Blosser, 440 F.2d 697, 699 (10th Cir. 1971). Defendant admitted that he caused the IRS to mail the refund check at issue in count twenty-three on September 24, 2010. Dkt. # 39, at 12. Therefore, the statute of limitations for count twenty-three began to run on September 24, 2010. Count twenty-three of the

third superseding indictment is identical to count nine of the first superseding indictment. Cf. Dkt. ## 5, 12. The first superseding indictment was returned on September 10, 2015, within the five-year statute of limitations period, and it was pending when the third superseding indictment was returned. Therefore, defendant had notice of count nine of the first superseding indictment and count twenty-three of the third superseding indictment, which are identical. Count twenty-three of the third superseding indictment relates back to count nine of the superseding indictment because it is not only "substantially the same," it is the same. Therefore, the Court finds that counts three and twenty-three of the third superseding indictment were not barred by the statute of limitations.[2] Because defendant's statute of limitations argument is meritless, Hart cannot be ineffective for failing to raise that argument. See Hawkins, 185 F.3d at 1152. Ground four of defendant's § 2255 motion is denied.

Ground One

In ground one of his § 2255 motion, defendant argues that counsel was ineffective for failing to know the law, failing to investigate the Court's jurisdiction and judicial power, failing to move to dismiss for lack of an Article III live case or controversy, failing to move to dismiss for lack of subject matter jurisdiction, and failing to obtain the first three indictments and move to dismiss because the statute of limitations had run. Dkt. # 79. As to the performance prong of Strickland, Hart acted reasonably because grounds two through four of his substantive claims are meritless, and he need not have raised meritless arguments. See Hawkins, 185 F.3d at 1152. Ground two was

---

[2] Defendant argues that some of the counts in the initial indictment were outside the limitations period (e.g., count one alleges criminal conduct on July 6, 2010, but the indictment was filed on July 9, 2015). However, he did not plead guilty to count one, and it was dismissed at sentencing.

12

denied by the Court in an opinion and order (Dkt. # 101) as meritless because the assistant United States attorney presiding over defendant's case was duly appointed. Ground three is meritless because the Court had jurisdiction over defendant when he pleaded guilty, despite the holding in Murphy. Finally, ground four is meritless because counts three and twenty-three of the third superseding indictment are identical to count three of the indictment and count nine of the superseding indictment, respectively, which were filed within the statute of limitations period. Hart stated in a sworn affidavit that he did not raise these arguments because "the arguments were so lacking in merit and lacked a good faith basis it never occurred to me to raise such feeble positions, nor do I recall or believe that Defendant Clark ever raised those issues or asked me to determine, inquire, or investigate [them]." Dkt. # 102-1, at 3. Defendant raises no other issues relating to whether Hart did not know the law, failed to investigate the Court's jurisdiction and judicial power, failed to move to dismiss for lack of an Article III live case or controversy, or failure to determine and argue that the Court's subject matter jurisdiction was lacking. Thus, the Court finds that defendant has not shown that Hart's performance was deficient, see Miller, 354 F.3d at 1298, or that defendant was prejudiced by Hart's conduct. See Strickland, 466 U.S. at 697 (holding that "a court deciding an ineffective assistance claim [need not] approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one [prong]"). Ground one of defendant's § 2255 motion is denied.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 79) is **denied**.

**DATED** this 22nd day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE